UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALLEN W. WESTMORELAND, JR., )<br>a/k/a NUKE, )<br>)<br>Defendant. ) | Cause No. 1:04-cr-0144-WTL-KPF |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on November 18, 2011, designating the Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on November 18, 2011, and to submit to Judge Lawrence proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(I) and 3583(e). Proceedings were held on January 4, 2012 and March 8, 2012, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.*[1]

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, Section 3401(e).

On January 4, 2012, Magistrate Judge Mark J. Dinsmore conducted a hearing in this case. Mr. Westmoreland appeared in person and with his retained counsel, Jennifer Lukemeyer; the government appeared by Brad Blackington, Assistant United States Attorney; and Chris Dougherty, U.S. Parole and Probation officer, appeared and participated.

The Court conducted the following procedures in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. A copy of the Petition for Revocation of Supervised Release and Supplemental Petition for Revocation of Supervised Release were provided to Mr. Westmoreland and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

2. Mr. Westmoreland was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

3. Mr. Westmoreland was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

4. Mr. Westmoreland was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

5. Mr. Westmoreland was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Westmoreland had violated an alleged condition or

conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the Magistrate Judge, in accordance with Judge Lawrence's designation entered on November 18, 2011.

6. Ms. Lukemeyer stated that John Westmoreland desired to waive the preliminary examination and proceed to the revocation phase of the proceedings this date. Mr. Westmoreland then waived the preliminary hearing in writing and was held to answer.

7. The parties moved to continue the revocation hearing and the same was granted. The defendant was remanded to the custody of the U. S. Marshal pending the revocation hearing.

On March 8, 2012, Magistrate Judge Denise K. LaRue conducted a revocation hearing in this case. The Court reviewed prior proceedings held January 4, 2012, including the defendant's right to a preliminary hearing. Mr. Westmoreland appeared in person and by retained counsel, Jennifer Lukemeyer. The government appeared by Brad Blackington, Assistant United States Attorney; and Chris Dougherty, U. S. Parole and Probation officer, appeared and participated in the proceedings. The following proceedings occurred:

8. Mr. Westmoreland, by counsel, stipulated that he committed the violations of specifications as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed November 18, 2011, described as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."** |

On November 10, 2011, a search of the offender's residence, located at 2624 Stuart Street, was conducted. Located in the residence, specifically the offender's bedroom, was a North American Arms, Model NAA, .22 caliber revolver, with an obliterated serial number, that was fully loaded with five rounds of .22 caliber ammunition. Also located in the bedroom was a bag of .22 caliber ammunition, containing over 25 rounds. The offender admitted knowledge of this firearm, and admitted he possessed the firearm, as he had handled the weapon in the previously 30 days. The firearm and ammunition were confiscated by Special Agent Eric Jensen of the Bureau of Alcohol Tobacco and Firearms. The U.S. Attorney's Office will be evaluating the filing of new federal charges based upon the offender's possession of this firearm and ammunition.

**3**     **"The defendant shall not associate with any person engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**

The offender was living with Carolyn Vales at 2624 Stuart Street, without notifying the probation officer. Ms. Vales has at last two prior felony convictions, including a Possession of Marijuana conviction in 2002 in Marion County, Indiana; and a conviction for Possession of a Controlled Substance in 1995 from Las Vegas, Nevada. When questioned, Ms. Vales admitted the offender told her he did not want the probation officer to become aware of their association and living arrangement.

The offender was observed driving a 1998 white Chevy truck, plate number 1301205, which is registered to Darryl Williams. Mr. Williams is a felon with a conviction for attempted murder in 1983. Mr. Westmoreland admitted association with Mr. Williams, a known felon.

**4**     **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**

> **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

The offender purchased the residence and property at 2624 Stuart Street in 2009. He has been living at this residence since 2010, with his girlfriend, Carolyn Vales, yet never reported this address as his residence, or a secondary address to the probation officer. A search of the residence was conducted on November 10, 2011, with the offender being present upon arrival. The offender continued to deny he resided at the residence. The offender's clothes and personal items were in the bedroom of the residence and numerous pieces of mail and documents were located which indicated he was residing at this residence. For the past four years, the offender has reported residing at 2812 Astro Drive, a residence where his mother lives.

Also located at the 2624 Stuart residence were several vehicles which the offender owned and possessed, yet failed to report to the probation office, despite numerous requests for an accurate listing of his vehicles. A few of the unreported vehicles included: a Harley Davidson motorcycle, a Suzuki motorcycle, a two truck, and a 2001 Chevy Silverado truck.

Located in the residence at 2624 Stuart Street was a Samsung cell phone, number 317-319-1025, which is owned by the offender. Information on the cell phone indicates the offender possessed this cell phone for at least five months. When previously questioned by the probation officer, the offender denied possessing a call phone. The probation officer believes the offender purposely denied possessing a cell phone so that he could not be located or contacted by the probation officer.

5   **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

The offender has failed to maintain full time employment for over two years. The offender verified only part-time and sporadic employment at Indiana Asphalt since 2009. The offender's conditions of supervised release were modified by

> the Court on February 4, 2010, to order him to complete 16 hours of community service per week until he secured full-time, verifiable employment. The offender has been admonished and counseled on numerous occasions regarding his lack of full-time, verifiable employment. The offender admitted doing a lot of "side work" for cash, which included buying and selling junk cars and parts, and further admitted he failed to report any of this income on tax returns. When pressed to document this income, the offender then denied he was doing any further work of this type.

The Court placed Mr. Westmoreland under oath and directly inquired of him whether he admitted the violations of the specifications of his supervised release set forth above in the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on November 18, 2011 as set forth above. Mr. Westmoreland stated that he had no contest as to violation numbered 1, admitted violations numbered 3, 4 and 5. The government moved to dismiss violation numbered 2, and the Court dismissed same. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the government stipulated the following:

    (1) Mr. Westmoreland has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

    (2) The most serious grade of violation committed by Mr. Westmoreland constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

    (3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release the range of imprisonment applicable to Mr. Westmoreland is 12-18 months.

    (4) The parties agreed on the appropriate disposition of the case as follows:

The defendant be sentenced to a period of confinement of 12 months to the custody of the Attorney General or his designee, with no supervised release to follow. Defendant is to receive credit for confinement from November 10, 2011.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Allen L. Westmoreland, Jr., violated the above-delineated conditions in the Petition filed November 18, 2011.

Mr. Westmoreland's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 12 months. The service of the sentence shall begin immediately. Mr. Westmoreland is to receive credit for incarceration from November 10, 2011. At the conclusion of Mr. Westmoreland's term of confinement, he will not be subject to supervised release. It is recommended that Mr. Westmoreland be designated by the Bureau of Prisons to the Farm Camp at the Federal Correctional Complex at Terre Haute, Indiana.

The Magistrate Judge requests that Ms. Dougherty, U.S. Parole and Probation officer, prepare for submission to the Honorable William T. Lawrence, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Westmoreland stipulated in open court waiver of the following:

> 1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

**WHEREFORE**, the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Westmoreland's supervised release and the sentence imposed of imprisonment of 12 months in the custody of the Attorney General or his designee. Defendant is to receive credit for incarceration from November 10, 2011. After service of the sentence, the defendant will not be subject to supervised release. It is recommended that Mr. Westmoreland be designated to the Farm Camp at the Federal Correctional Complex in Terre Haute, Indiana.

**IT IS SO RECOMMENDED** this 03/09/2012

*(signature)*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brad Blackington,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Jennifer M. Lukemeyer,
141 E. Washington Street, #300
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service